IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID CONRAD ALVERSON, SR.                                                                   PLAINTIFF

v.                                           Civil No. 2:23-CV-02076-TLB-MEF

SHERIFF DANIEL PERRY
(Crawford County, Arkansas),
EX-SHERIFF JIMMY DEMANTE,
CAPTAIN WINTERS (CCDC),
CHIEF DEPUTY BRAD WILEY (CCDC),
JOHN OR JANE DOE MEDICAL STAFF
(CCDC), and DEPUTY WHITE (CCDC)                                                            DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1]  Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

I.   BACKGROUND

Plaintiff filed his Complaint on June 2, 2023.  (ECF No. 1).  Plaintiff identifies himself as a pretrial detainee in the Crawford County Detention Center ("CCDC").  (*Id*. at 1-2).  His first claim concerns allegations of inadequate medical care.  Plaintiff alleges that he and his nephew were arrested on October 14, 2022.  (*Id*. at 5).  He alleges they were both denied medical care by "staff and medical staff," but he does not identify any specific medical need.  Plaintiff alleges that

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

his nephew died on October 15, 2022, because staff and medical staff at CCDC denied him medical care.[2] (*Id*.). Plaintiff alleges he has a copy of the death investigation report, which states that medical was contacted three different times and nothing was done. (*Id*. at 10). He further states the report indicates a sergeant asked an inmate to "keep an eye" on his nephew, instead of doing so himself. (*Id*.). He allegedly has suffered mental anguish from this incident and is now seeing mental health providers and receiving prescription medication. (*Id*.). Plaintiff names Defendants Winters, Demante and "medical staff." (*Id*. at 5). Plaintiff proceeds against all Defendants for this claim in their official and individual capacities. (*Id*. at 6). To support his official capacity claim, he states, "denial of medical care," "under staffed," and "jail conditions." (*Id*.).

For his second claim, Plaintiff alleges he was wrongfully incarcerated from February 22, 2023, through April 12, 2023. (ECF No. 1, p. 7). He names Defendants Perry, Winters, and Lt. T. Wangsiyotha[3] for this claim, but he does not identify any specific actions or inactions on their part. While Plaintiff's allegations are vague, he appears to allege that he was granted a bond reduction from $150,000 to $15,000, but "staff" repeatedly failed to remove a "court commit" notation from his file. (*Id*.). Plaintiff alleges his court commit was "up 11-17-2022 of the year before." As a result, he was allegedly confined by an "'accident' that was repeated 6 times on the grievances kiosk." (*Id*.). Plaintiff proceeds against all Defendants in their official and individual

---

[2] Plaintiff cannot bring claims concerning the death of his nephew. He has not alleged or provided any objective evidence that he is a personal representative of his nephew or an heir at law. *See Est. of Byrd v. Tiner*, 81 Ark. App. 366, 368–69, 101 S.W.3d 887, 889 (2003). Even if we assume, *arguendo*, that Plaintiff has been appointed a personal representative for his nephew's estate, a *pro se* wrongful death complaint is a nullity. *Henson v. Craddock*, 2020 Ark. 24, 593 S.W.3d 10. Any wrongful death claim must be filed by a licensed attorney. (*Id*.).

[3] While Plaintiff names Lt. T. Wangsiyotha as a Defendant involved in Claim Number 2 (*Id*. at 7), Plaintiff did not list Lt. T. Wangsiyotha in the caption of the Complaint nor in the section for Defendant information. The Court Clerk has not listed Lt. T. Wangsiyotha as a named Defendant in this case.

capacities.  (*Id*. at 6).  Plaintiff does not indicate when he was granted the bond reduction or if he could meet the bond.  His current address indicates he is still incarcerated in the CCDC.  In support of his official capacity claim he states, "wrongful incarceration," "accident made 6 times," and "Grievances on kiosk."  (*Id*. at 8).

In his third claim, Plaintiff alleges Defendant White made "sexual comments homophobic remarks," and "jokes were made" about holes in his and another inmate's pants.  (ECF No. 1, pp. 8, 9).  Plaintiff is "unsure" of the date this occurred.  (*Id*.).  He proceeds against Defendant White in his official and individual capacities.  (*Id*. at 9).  As his official capacity claim, Plaintiff alleges "violation of PREA Homophobic remarks."  (*Id*.).

For his fourth claim, Plaintiff alleges that on April 26, 2023, he was called to Captain Winters' office and questioned about the grievances he filed over Deputy White's homophobic comments.  (ECF No. 1, p. 13).  With Defendant Wiley present, Winters then allegedly started questioning him about his nephew's death and "my crime."  (*Id*.).  Plaintiff states he asked for a lawyer on October 18, 2022, at 3:18 p.m., so all questioning was supposed to stop, "which it did until 4-26-2023 in this claim."  (*Id*.).  Plaintiff alleges that his public defender told him this was a violation of his Sixth Amendment Rights.  Plaintiff states he wrote to the judge in his case, the Arkansas State Police, Sheriff Perry, attorneys, and "this is the route I was told to take."  (*Id*.).  The Court will infer that he was told to file this § 1983 case.  Plaintiff states he has asked for a change of venue in his criminal case but is waiting on the prosecutor to respond.  (*Id*. at 11-12).  Plaintiff names Captain Winters and Chief Deputy Brad Wiley for this claim.  (*Id*.).  Plaintiff sues both Defendants in their official and individual capacities on this claim.  (*Id*. at 14).  As his official capacity claim, he states, "violation of 6th amendment rights."  (*Id*.).  Public source information for criminal cases in Crawford County, Arkansas indicates *State v. David Alverson*, Case No.

17CR-22-944, is pending in Crawford County Circuit Court with a trial date set for September 8, 2021.[4]

Plaintiff does not seek monetary relief. Instead, he asks that all staff involved be replaced, and "my attorney will decide on other changes in rules and policies." (ECF No. 1, p. 15). To date, no attorney has entered an appearance indicating he is representing Plaintiff in this case.

The Court takes judicial notice that Plaintiff filed a related case in this District, *Alverson v. Connor*, Case No. 2:22-cv-02175, on November 14, 2022. In his Amended Complaint in that case, he alleged that Defendant Deputy Connor made jokes and taunted him about his nephew dying at the facility and the lack of CCDC staff response. (Case No. 2:22-cv-02175, ECF No. 12). The case was dismissed for failure to state a claim upon which relief may be granted on February 21, 2023. (Case No. 2:22-cv-02175, ECF No. 17).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

---

[4] Available at Arkansas Court Connect (last accessed July 17, 2023).

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Claims One and Two

Plaintiff failed to allege specific facts sufficient to support his claims that he was denied medical care, and that a "court commit" remained despite a bond reduction. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between any of the named Defendants and his claims of either denial of medical care or bond reduction. Further, Plaintiff failed to identify the medical condition for which he needed medical care, and he has provided no details as to his bond claim, except to vaguely claim that unspecified mistakes or "accidents" were made concerning the "court commit" notation in his state court case. *See Martin*,

780 F.2d at 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim). Finally, review of Plaintiff's criminal case indicates his bond was reduced from $150,000 to $15,000 on February 23, 2023.  On April 19, 2023, Plaintiff's Public Defender filed a second motion to reduce his bond, stating that Plaintiff was unable to afford a $15,000 bond, and asking that it be reduced to $5,000.  This motion was denied on April 20, 2023.  Thus, Plaintiff remains incarcerated because he could not afford the $15,000 bond.  Plaintiff, therefore, has failed to state a plausible claim against any Defendant concerning his allegations in Claims One and Two.

### B.    Claim Three

Plaintiff alleges Defendant White made homophobic remarks and jokes about the condition of Plaintiff's pants, thereby violating the Prison Rape Elimination Act ("PREA").  Neither of these allegations states a plausible claim under § 1983.  As Plaintiff was advised in his previous case in this District, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993).  As to the PREA claim, § 1983 does not create any substantive rights.  Rather, it provides a remedy for violations of constitutional rights or rights created under federal law. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000).  The PREA authorized the federal government to give grants to prisons and detention facilities that implement procedures designed to reduce the number of prison rapes.  34 U.S.C. §§ 30301-30309.  While there appears to be no Eighth Circuit decision on point, other courts have made clear that the PREA does not create a private cause of action. *Johnson v. Garrison,* 859 F. App'x 863, 864 (10th Cir. 2021); *Bowens v. Wetzel,* 674 F. App'x 133, 137 (3d Cir. 2017); *Krieg v. Steele*, 599 F. App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018).  The Court of Appeals for the Eleventh Circuit has held that a violation of the PREA is not a *per se* violation of the Eighth

Amendment. *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021), *cert. denied,* 142 S. Ct. 1178 (2022). Thus, Plaintiff has failed to state any plausible constitutional claims based on Defendant White's homophobic comments and jokes.

### C. Claim Four

Plaintiff alleges Defendant Winters called him into his office to discuss Plaintiff's grievances concerning Defendant White, but then, with Defendant Wiley present, started asking questions concerning Plaintiff's nephew and his state criminal case. Plaintiff alleges this violated his Sixth Amendment rights. The Plaintiff's state court criminal case is still pending, and he does not ask for monetary damages in this action. Instead, he asks that all staff involved be replaced, and "my attorney will decide on other changes in rules and policies."

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)). When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the

presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a § 1983 case involving only injunctive relief, and not damages).

Because Plaintiff's state criminal case is still pending and he asks only for equitable relief, it is appropriate to dismiss this claim pursuant to *Younger*. Plaintiff should present his Sixth Amendment claim in his state court criminal case.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE