**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**DAVID CONRAD ALVERSON, SR.**                                                      **PLAINTIFF**

**V.**                                          **CASE NO. 2:23-CV-02076**

**SHERIFF DANIEL PERRY**
**(Crawford County, Arkansas);**
**EX-SHERIFF JIMMY DEMANTE;**
**CAPTAIN WINTERS (CCDC);**
**CHIEF DEPUTY BRAD WILEY (CCDC);**
**JOHN OR JANE DOE MEDICAL STAFF**
**(CCDC); and DEPUTY WHITE (CCDC)**                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Report and Recommendation ("R&R") (Doc. 6) filed in this case on July 18, 2023, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas.  Magistrate Judge Ford recommends that Plaintiff David Conrad Alverson, Sr.'s Complaint (Doc. 1) be dismissed without prejudice.  On June 2, 2023, Mr. Alverson sued Crawford County Sheriff Daniel Perry, Ex-Crawford County Sheriff Jimmy Demante, Crawford County Detention Center ("CCDC") Captain Winters, CCDC Chief Deputy Brad Wiley, CCDC Deputy White, and unknown CCDC medical staff in their individual and official capacities for depriving him of his constitutional rights in violation of 42 U.S.C. § 1983.  On July 31, 2023, Mr. Alverson filed objections to the R&R.  *See* Doc. 7.  He then filed two subsequent supplements to these objections on August 3 and 16.  *See* Docs. 9, 10.  Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* to resolve the pending objections.

1

## I.  BACKGROUND

Mr. Alverson was first arrested with his nephew, Jacob Jones, on October 14, 2022, in Crawford County, Arkansas.  *See* Doc. 1, p. 5.  The day after, Mr. Jones died of a methamphetamine overdose in the CCDC.  *See* Doc. 10, Ex. A.  A review of Mr. Alverson's state court records suggests that Mr. Jones died after swallowing a bag of methamphetamine at the direction of Mr. Alverson to conceal it from police.[1]  *See* Prosecutor's  Report, *State v. Alverson*, 17CR-22-944 (Crawford Cnty. Cir. Ct., April 19, 2023).  Mr. Alverson pled guilty and was convicted of manslaughter for his role in causing Mr. Jones's death.  *See* Plea Statement, *State v. Alverson*, 17CR-22-944 (Crawford Cnty. Cir. Ct., Sept. 7, 2023). Nevertheless, Mr. Alverson alleges that his nephew died because CCDC staff denied him proper medical care and treatment.  (Doc. 1, p. 10).  Mr. Alverson claims he has suffered "mental anguish" as a result of his nephew's death.  *Id.*

Second, Mr. Alverson claims he was wrongfully incarcerated at the CCDC from February 22, 2023, to April 12, 2023. He claims that he was granted a bond reduction from $150,000 to $15,000 but "staff" repeatedly failed to remove a "court commit" notation from his file.  *Id.* at p. 7.  Consequently, he claims he could have bonded out but was "unable to."  *Id.*

Next, Mr. Alverson claims that, while detained at the CCDC, Deputy White made "homophobic remarks" and "jokes" about the holes in his and another inmate's pants.  *Id.* at pp. 8, 9.  Following this incident, on April 26, 2023, Mr. Alverson was called to Captain

---

[1] Although the state-court docket is not included with any of Mr. Alverson's filings in this action, the Court takes judicial notice of it as a public state-court record.  *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Rubbelke v. Zarembinski*, 2023 WL 3094371, at *1 n.1 (D. Minn. Apr. 26, 2023).

Winters's office where he was questioned—with Chief Deputy Wiley present—about Deputy White's remarks. *Id.* at p. 13.  In this meeting, Mr. Alverson claims that Captain Winters began questioning him about his nephew's death, despite the fact that Mr. Alverson previously asserted his right to an attorney on October 18, 2022.  *Id.*

Magistrate Judge Ford performed a pre-service screening of Mr. Alverson's Complaint pursuant to 28 U.S.C. § 1915A and determined that the case should be dismissed for failure to state a plausible claim for relief.  Mr. Alverson contends in his objections that all his claims have merit and should proceed.

## II.  LEGAL STANDARD

Prior to service of process being issued, the Court must screen civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A prisoner's claim must be dismissed in such a case if they (1) are frivolous, malicious, or fail to state a claim on which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Frivolous claims "lack an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Malicious claims are those known to be false or undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *See Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A plaintiff fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When determining whether a *pro se* plaintiff has sufficiently stated a claim, the

Court should hold a *pro se* complaint to less stringent standards than if it were drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court should "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

### A.  Claim One: Inadequate Medical Care

In his first claim, Mr. Alverson alleges that he and his nephew received inadequate medical care in the CCDC.  With respect to the claim on his nephew's behalf, the R&R correctly explains that Mr. Alverson has failed to plead a claim for wrongful death damages.  Wrongful death claims must be brought by the decedent's personal representative or heir at law. Ark. Code Ann. § 16-62-102(b).   Here, Mr. Alverson has not stated any facts to show that he is his nephew's personal representative or heir at law.  Even if he were his nephew's personal representative or heir at law, he cannot proceed *pro se* in his representative capacity because any wrongful death claim must be filed by an attorney.  *See Davenport v. Lee*, 348 Ark. 148, 160 (2002) (filing a *pro se* wrongful death claim is an unauthorized practice of law rendering any action taken a nullity). Most problematic, though, is that Mr. Alverson—as  the decedent's uncle—is not statutorily entitled to receive wrongful death damages.  Ark. Code Ann. § 16-62-102(d)(1).  Thus, Mr. Alverson's claim related to his nephew's care at the CCDC must be dismissed.

### B.  Claim Two: Wrongful Incarceration

Second, Mr. Alverson alleges that he was wrongfully incarcerated from February

22, 2023, to April 12, 2023, after "staff" repeatedly failed to remove a "court commit" notation from his file after being granted a bond reduction. (Doc 1, p. 7). Notably, Mr. Alverson does not allege that he actually posted a $15,000.00 bond, nor does he allege that his efforts to post bond were thwarted by any Defendant. According to the state-court docket, Mr. Alverson did *not* post a $15,000 bond. Instead, he sought to have his bond further reduced from $15,000 to $5,000, and that motion was *denied*. *See* Mot. To Reduce Bond, *State v. Alverson*, 17CR-22-944 (Crawford Cnty. Cir. Ct., April 19, 2023).

Mr. Alverson has not forth specific factual allegations showing any Defendant's actions or omissions that allegedly violated his constitutional rights. *See Madewell*, 909 F.2d at 1208. He has only vaguely alleged that unspecified mistakes or "accidents" were made in his state court case. Therefore, Mr. Alverson's second claim fails to state a plausible cause of action.

### C. Claim Three: Alleged Violation of PREA

Third, Mr. Alverson alleges that, on an unspecified date, Deputy White made "sexual comments[,] homophobic remarks[, and] jokes" about the holes in his and another inmate's pants. (Doc. 1, pp. 8-9). Section 1983 provides only remedies for violations of constitutional rights or rights created under federal law. *See Tarsney v. O'Keefe*, 225 F. 3d 929, 939 (8th Cir. 2000). As the R&R correctly explains, the mere use of offensive language does not state a claim of constitutional dimension. (Doc. 6, p. 6); *see also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993). Thus, because Deputy White's homophobic remarks do not rise to the level of constitutional concern, Mr. Alverson must base his claim in some other right created under federal law.

Mr. Alverson attempts to characterize Deputy White's remarks as a violation of the Prison Rape Elimination Act of 2003 ("PREA"), 34 U.S.C. §§ 30301-30309.  However, "PREA does not create such a cause of action pursuant to 42 U.S.C. § 1983."  *Wilmoth v. Sharp*, 2018 WL 1092031, at *3 (W.D. Ark. Feb. 27, 2018) (holding that a prisoner failed to state a claim under Section 1983 when he alleged a prison official violated PREA by accusing him of being homosexual); *see also Johnson v. Garrison*, 859 F. App'x 863, 864 (10th Cir. 2021) (an inmate failed to show that PREA provides a private right of action under Section 1983); *Bowens v. Wetzel*, 674 F. App'x 133, 137 (3d Cir. 2017) ("[Plaintiff] may not attempt to enforce statutes or policies that do not themselves create a private right of action by bootstrapping such standards into a constitutional deliberate indifference claim."); *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015) (dismissing a prisoner's Section 1983 claim alleging violations of PREA as "frivolous"); *Cox v. Nobles*, 15 F.4th 1350, 1361 (11th Cir. 2021) (holding a violation of PREA is not a *per se* violation of the Eighth Amendment), *cert denied*, 142 S. Ct. 1178 (2022).  Further, the purpose of PREA is to facilitate implementation of procedures to reduce a serious problem in America's correctional facilities:  prison rape.  *See* 34 U.S.C. § 3031.  PREA's purpose is not to stop taunting or offensive language.  Therefore, because Mr. Alverson has failed to identify any plausible violation of his constitutional or federal statutory rights, his third claim is dismissed.

### D.  Claim Four: Sixth Amendment Violations

Last, Mr. Alverson claims Captain Winters and Chief Deputy Wiley violated his Sixth Amendment rights by questioning him about his state court case approximately six months after Mr. Alverson invoked his right to counsel.  (Doc. 1, p. 14).  The Sixth

Amendment is violated when a person's incriminating words, obtained without counsel, are used against him in trial. *See Massiah v. United States*, 377 U.S. 201, 206 (1964). Mr. Alverson does not claim that he made any incriminating statements to Captain Winters or that any statements were used against him in his state court prosecution for his nephew's death. Thus, Mr. Alverson has not stated a plausible claim for a Sixth Amendment violation. Regardless, Mr. Alverson pleaded guilty in his state court case and may not "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Because has not stated a plausible claim for a Sixth Amendment violation, Mr. Alverson's fourth claim is dismissed.

## IV. CONCLUSION

For the reasons explained, all of Mr. Alverson's objections are **OVERRULED**. **IT IS ORDERED** that the Report and Recommendation is **ADOPTED IN ITS ENTIRETY**. Plaintiff's Complaint is **DISMISSED WITHOUT PREDJUDICE**. Consequently, Plaintiff's Motion to Appoint Counsel (Doc. 8) is **DENIED AS MOOT**. Judgment will be entered simultaneously with this Order.

**IT IS SO ORDERED** on this 27th day of November, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE